COURT OF APPEALS
DECISION
DATED AND FILED

May 8, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP401**

STATE OF WISCONSIN

Cir. Ct. No. 2021CV17

IN COURT OF APPEALS
DISTRICT II

TIMOTHY WOLTER,

   PLAINTIFF-APPELLANT,

 V.

GERMANTOWN MUTUAL INSURANCE COMPANY,

   DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Fond du Lac County: TRICIA L. WALKER, Judge. *Affirmed*.

Before Neubauer, Grogan and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Timothy Wolter appeals from an order dismissing on summary judgment his action against Germantown Mutual Insurance Company. Wolter had accused Germantown of breach of contract for unreasonably delaying payment on his fire claim. For the reasons that follow, we affirm.

¶2 On July 21, 2020, a residential investment property owned by Wolter caught fire, resulting in significant damage. The property was insured by Germantown with a policy limit of $256,000. Wolter promptly filed a claim, and Germantown dispatched its adjuster, Jason Gostomski, to the scene.

¶3 Gostomski conducted a brief examination of the property the day of the fire. He then returned to it the following day with a fire investigator. While there, a local official[1] told Gostomski that the fire might have been of incendiary origin. Gostomski subsequently retained an attorney to assist him.

¶4 By letter dated August 10, 2020, Gostomski acknowledged the claim and informed Wolter that Germantown would proceed with an investigation of the fire's cause and origin. He noted that such an investigation was permitted under the terms of the policy.[2]

¶5 By letter dated August 26, 2020, Gostomski's attorney informed Wolter that he needed to provide a sworn statement and proof of loss as soon as

---

[1] Gostomski described the local official as "somebody from the City of Fond du Lac Fire Department or Police Department."

[2] According to the policy, one of Wolter's "Duties After Loss" was to "[c]ooperate with [Germantown] in the investigation of a claim." Germantown had no obligation to provide coverage if Wolter failed to comply with his duties.

possible but no later than sixty days. Requiring such a statement was also permitted under the terms of the policy.[3] Wolter eventually submitted a statement, which included an estimate for the cost of repairs, on October 23, 2020.

¶6 Four days later, Gostomski's attorney sent another letter advising Wolter that Germantown wanted to conduct an examination under oath (EUO). Again, requiring an EUO was permitted under the terms of the policy.[4] The EUO was initially scheduled for November 11, 2020. At Wolter's request, it was rescheduled for December 3, 2020.

¶7 During the EUO, Wolter acknowledged that it was reasonable for an insurer to investigate the circumstances surrounding a claim like his. He further acknowledged that there had been a fire at the property just a few months earlier that he had extinguished himself. Wolter was unsure how the earlier fire started, and he did not call the fire department about it.

¶8 Gostomski's fire investigator never was able to provide an opinion as to the cause and origin of the July 21, 2020 fire. This was due to insufficient access to the property and the failure of local officials to issue any reports regarding their investigation. Accordingly, after acquiring an additional estimate for the costs of repairs, Germantown paid Wolter the policy limit of $256,000 on December 30, 2020.

---

[3] According to the policy, another one of Wolter's "Duties After Loss" was to "[s]end to [Germantown], within 60 days after [its] request, [his] signed, sworn proof of loss …."

[4] According to the policy, another one of Wolter's "Duties After Loss" was to "[s]ubmit to examination under oath …."

¶9      Approximately two weeks later, Wolter brought this action against Germantown, accusing it of breach of contract for unreasonably delaying payment on his claim.[5]  *See **Racine County v. Oracular Milwaukee, Inc.***, 2010 WI 25, ¶28 n.8, 323 Wis. 2d 682, 781 N.W.2d 88 (explaining that there is a duty to perform contracts with "'reasonable expedience'") (citation omitted).  The parties filed competing motions for summary judgment.  Ultimately, the circuit court granted Germantown's motion and dismissed the action.  This appeal follows.

¶10     We review a circuit court's decision on a motion for summary judgment de novo, applying the same standard as the circuit court.  ***Green Spring Farms v. Kersten***, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987).  Summary judgment is appropriate if there are no genuine issues of material fact and one party is entitled to judgment as a matter of law.  WIS. STAT. § 802.08(2) (2021-22).[6]

¶11     On appeal, Wolter contends that the circuit court erred in dismissing his action on summary judgment.  Citing the five-month delay between his claim and Germantown's payment, he insists that Germantown breached its contract with him.  Alternatively, Wolter asserts that the reasonableness of delay is a question best left to a jury and not summary judgment.  We are not persuaded by Wolter's arguments.

---

[5] Wolter also accused Germantown of bad faith and sought statutory interest for the delay in payment.  When the circuit court dismissed the breach of contract claim, it dismissed those other claims as well.

[6] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶12 Here, the time lapse between Wolter's claim and Germantown's payment was not the product of unreasonable delay. Rather, it was attributable to two things: (1) Germantown's decision to exercise its contractual rights to investigate the claim and require a sworn statement/testimony before providing coverage; and (2) Wolter's own actions.

¶13 Germantown's decision to exercise its contractual rights was contractually justified. The cause of the July 21, 2020 fire was unknown, and one local official suspected that it might have been of incendiary origin. If that suspicion proved correct, there would be no coverage under the policy. Thus, it was reasonable for Germantown to take the actions that it did. Wolter acknowledged as much during the EUO.

¶14 As for Wolter's own actions, he could have submitted a sworn statement in proof of loss shortly after receipt of the August 26, 2020 letter from Gostomski's attorney. Instead, he waited nearly two months to do so. Likewise, Wolter could have participated in the EUO scheduled for November 11, 2020. Instead, he asked that it be rescheduled for three weeks later. Such actions undoubtedly contributed to the delay in Germantown's payment.

¶15 Based on the foregoing, we are satisfied that there was no breach of contract and that Germantown was entitled to judgment as a matter of law. Although Wolter now suggests that the reasonableness of delay is a question best left to a jury, his suggestion is undermined by his competing motion for summary

judgment, which the circuit court rejected. In any event, on this record, we perceive no basis to disturb the court's decision.[7]

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[7] At the conclusion of his brief, Wolter attempts to revive his dismissed statutory interest claim by noting that he was not paid within thirty days as required by WIS. STAT. § 628.46. We reject this argument. Germantown's ability to confirm coverage was dependent on its contractually allowed investigation. That investigation concluded at the earliest on December 3, 2020, when the EUO occurred. Wolter was paid within thirty days of that date.